IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| TODD A. LEVY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         v. | )    1:16cv981 (JCC/JFA) |
| | ) |
| AMERICAN MEDICAL COLLECTIONS | ) |
| BUREAU, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on the Motion to Dismiss [Dkt. 4] filed by Defendants American Medical Collections Bureau, Inc. and Inova Health System Foundation. For the reasons that follow, the Court will grant the Motion and permit Plaintiff seven days to file an Amended Complaint against Inova Health Care Services.

### I. Background

Plaintiff is a resident of Prince William County, Virginia. On July 31, 2015, Plaintiff received a debt collection letter from an entity identifying itself as American Medical Collection Bureau, Inc., or AMCB. The letter advised Plaintiff of his right to contest the debt within 30 days, and requested that Plaintiff "remit payment in fully [sic] today" to "avoid further action."

Plaintiff contested the amount of the debt, and the balance was adjusted accordingly. Plaintiff then received a second letter dated August 31, 2015, reflecting the new balance and stating that the amount due "must be remitted promptly to our office or our client will find it necessary to take further action." On October 1, 2015, Plaintiff received a third letter demanding payment of the outstanding debt. In a fourth and "final" notice sent November 2, 2015, AMCB advised Plaintiff that "any further delay in paying" the amount owed "may result in our collection agency referring this account to an attorney."

On July 28, 2016, Plaintiff filed suit against AMCB and Inova Health Systems Foundation, alleging that the letters described above violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

Defendants filed the instant Motion to Dismiss on August 31, 2016, contending that Plaintiff failed to name the proper party. Defendants allege that AMCB is a trade name employed by Inova Health Care Services, not a freestanding corporate entity. Moreover, Inova Health System Foundation is a charitable foundation maintained by Inova Health Care Services that is not engaged in debt collection. Accordingly, Defendants argue that Plaintiff's claims against these two entities should be dismissed without prejudice to Plaintiff's ability to bring

suit against Inova Health Care Services — presumably the intended Defendant.

## II. Legal Standard

Defendant brings this Motion under Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court generally may not look beyond the four corners of the complaint. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). As such, it is not clear that the Court may reach the arguments advanced by Defendant under Rule 12(b)(6), as they rely on extrinsic evidence.

The Court therefore finds it appropriate to consider Defendant's Motion under Rule 12(b)(1). Defendant's arguments are directed to "jurisdictional facts" of the kind properly considered under that Rule. *See 24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 629 (4th Cir. 2016). Moreover, "[a] federal court has an independent obligation to assess its subject-matter jurisdiction," and must reach the issue *sua sponte* if necessary. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479-80 (4th Cir. 2005). The Court finds it necessary to do so here. As such, the Court may look beyond the Complaint to evaluate the jurisdictional facts brought to light in Defendants' Motion and

conceded by Plaintiff. *See 24th Senatorial Dist. Republican Comm.*, 820 F.3d at 629.

### III. Analysis

Defendants argue that Plaintiff's Complaint must be dismissed because it names the wrong parties.

Plaintiff does not dispute that he made such a mistake. Rather, he admits that he intended to sue Inova Health Care Services, not its charitable foundation, and requests leave to file an amended complaint making that substitution.

He argues, however, that the Court should deny Defendant's Motion as to his claims against AMCB, contending that AMCB "can be sued in its own name." Opp. [Dkt. 7] at 3. It is unclear what, if any, legal authority Plaintiff relies upon for that proposition.

Regardless, as Defendants point out, a trade name like AMCB does not have independent legal status such that it may sue or be sued apart from the corporation employing it. *See, e.g.*, *Jones v. Imaginary Images, Inc.*, No. 3:12-CV-217, 2012 WL 3257888, at *7 (E.D. Va. Aug. 8, 2012). The Court lacks subject matter jurisdiction to entertain a suit against an entity that has no recognized legal standing. *Cf. Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1179 (9th Cir. 2004) (holding that federal courts lack subject matter jurisdiction over lawsuits brought in the names of animals). If nothing else, a favorable ruling against

4

AMCB would not be capable of redressing any injury Plaintiff may have suffered, as AMCB has no assets of its own. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (discussing the "redessability" requirement of standing).

The parties' briefs range over a number of additional topics, including whether the use of "American Medical Collections Bureau, Inc." violates Virginia law regarding trade names because Inova Health Care Services has registered only "American Medical Collections Bureau," sans "inc.," with the Commonwealth.  These arguments are beyond the scope of the narrow issue now before the Court.  Their merits may be resolved once Plaintiff has named the proper Defendant.

### IV. Conclusion

For the foregoing reasons, Defendants' Motion will be granted and Plaintiff's claim will be dismissed without prejudice.  Plaintiff will be required to file an amended complaint naming Inova Health Care Services within seven days if he intends to proceed with this suit.  Inova Health Care Services shall have fourteen days thereafter in which to file a responsive pleading.

An appropriate order shall issue.

|  | /s/ |
|---|---|
| September 29, 2016 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |